Dorothea E. Dohaldsoh, J.
This claim for damages for personal injuries, timely filed and not submitted to any other tribunal for determination, was predicated upon the alleged negligence of the State of New York hi the maintenance and repair of curbing located on the westerly side of North Central Park Avenue north of its intersection with Hartsdale Avenue in the Hamlet of Hartsdale, Town of Gfreenburgh, County of Westchester.
On the morning of March 19, 1966, shortly after 8:00 a.m., Mr. Schorr, who had driven his automobile from his home on *445 the way to the Hartsdale railroad station Avhere he Avas to board the 8:18 a.m. train to New York City, double-parked his vehicle on North Central Park Avenue north of the intersection with Hartsdale Avenue. Both he and his wife, who Avas a passenger, alighted from the car; claimant walked around his vehicle from the driver’s side to its rear and proceeded toAvards a newspaper store, No. 5 North Central Park Avenue, where it was his habit to purchase the morning newspaper. This was his customary procedure on each Saturday that he travelled to business in New York City.
On the day in question Avhen Mr. Schorr approached the curbing separating the road pavement from the sidewalk, he testified that his right foot slipped or tripped in a hole or disintegration in the curbing; the foot slipped backward, he fell and sustained injury to the right hip which was later diagnosed as a fracture of the neck of the right femur.
North Central Park Avenue in the Hamlet of Hartsdale is a State highway, the travelled surface of which is under the maintenance and control of the State of New York. The defendant maintained that the curbing adjacent to the road pavement and the sideAvalk adjacent to the curbing Avere not within its maintenance and control but solely within that of the Town of G-reenburgh or the County of Westchester. Reliance upon this distinction is based upon the provisions of subdivision 5 of section 12 of the Highway Laxi, AAdiich. states, in part: “ 5. Whenever a state highway has been constructed * * * shall be maintained by the superintendent of public Avorks as provided herein, but in no case * * * shall the state be responsible for the maintenance of any curb or of any paved gutter or paved shoulder ”. Claimant responded that the continuation of this subdivision in the same section: ‘ ‘ provided, however, that on any highway maintained by the state the superintendent shall have authority to clean any pavement or paved gutter or repair any unpaved shoulder or unpaved gutter outside of the pavement maintained by the state, where necessary for the protection of such pavement ”, established liability upon the State. The curbing on the easterly side of North Central Park Avenue and on the westerly side of the same avenue in the Hamlet of Hartsdale had been repaired by the State in Novem-ber, 1964 and no repairs had been made up to the date of the instant accident. No request for maintaining or repairing the curbing on either side of the avenue, orally or in Avriting, had been received by the State of New York after the date of the 1964 repair. The issue upon which liability may be predicated relies upon a distinction between permissive authority, or right, *446 or a mandatory duty to maintain or repair. A gratuitous act by the State in repairing curbing abutting a State highway in order to properly maintain and preserve its wearing surface is a voluntary act and not an assumption of nondelegable duty by one or more governmental subdivisions. The exercise of the right to repair a specific fault limits the extent of the repair and does not, as a consequence, establish a mandatory duty in futuro.
Section 58 of the Highway Law, the provisions of which the defendant asserted in its defense, is not applicable in view of the provisions of section 8 of the Court of Claims Act. (Torrey v. State of New York, 175 Misc. 259.) The provisions of section 140 of the Highway Law additionally asserted by the defendant and the provisions of the ordinances of the Town of Greenburgh define the limits of responsibility of such governmental subdivisions.
Even assuming, arguendo, that the curbing on North Central Park Avenue was an extension of the wearing surface of the highway pavement, or was an integral part of the sidewalk adjacent thereto, and that the proof submitted that the hole in the curbing had existed for a considerable period of time prior to March 19, 1966, and was of sufficient size to contain an adult male foot, Mr. Schorr had the responsibility to look where he was walking, to recognize the hazard and to avoid the same. The defect was not so hidden as to create a “ trap ” or “ snare The trip or slip resulted from the claimant’s contributory negligence. His normal pattern of traversing from his parked automobile to the newspaper store every Saturday is sufficient to have alerted him .to any patent danger existing in his pathway.
The claim must be, and hereby is, dismissed.
Motions to dismiss made by the defendant at the close of claimant’s proof, upon which decision was reserved, are now denied; motions to dismiss made by the defendant at the conclusion of the entire case, upon which decision was reserved, are now granted.